**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
EDWARD L. RAAB, and           :
HECTOR SANCHEZ,               :
                              :   Civil Action No. 07-2678 (JAP)
         Plaintiffs,          :
                              :
         v.                   :   OPINION
                              :
THEODORE V.FISHMAN, et al.,   :
                              :
         Defendants.          :
```

Appearances:

Plaintiffs, pro se
Edward L. Raab
Hector Sanchez
Monmouth County Correctional Institution
1 Waterworks Road
Freehold, NJ 07728

**PISANO, District Judge**:

Plaintiffs Edward L. Raab and Hector Sanchez, confined in Monmouth County Correctional Institution in Freehold, New Jersey, have submitted this Complaint under 42 U.S.C. § 1983 and have asked the Court to allow them to proceed, in forma pauperis under 28 U.S.C. § 1915, and as representatives of a class pursuant to Fed. R. Civ. P. 23. Both Plaintiffs have submitted applications for leave to proceed in forma pauperis accompanied by their institutional account statements.

I. FACTUAL BACKGROUND[1]

Plaintiffs allege that Defendant Deputy Public Defender Theodore V. Fishman employs Defendant Public Defender Regina Sauter who terminates her representation of criminal defendants, including Plaintiffs, if they refuse to accept a plea agreement, prolonging such criminal defendants' pre-trial incarceration and subjecting them unnecessarily to the rigors of confinement.

Plaintiffs allege that Defendant Criminal Case Manager Mary Ann McGevna of the Superior Court of New Jersey, Monmouth County, wrongfully deprives criminal defendants, including Plaintiffs, of property by keeping all postage paid envelopes sent to her which were to have been used to return a file-stamped copy of the inmate's pleading.

Plaintiffs allege that Defendant Governor Jon Corzine is responsible for the deficiencies of the Public Defenders described above. In addition, Plaintiffs allege that Defendant Governor Jon Corzine is violating their constitutional rights as indigent defendants to free representation by charging them $3,000 in expenses for court-appointed counsel.

Plaintiffs seek compensatory and punitive damages and injunctive relief. They seek to proceed as representatives of a class pursuant to Fed. R. Civ. P. 23.

---

[1] These facts are taken from the Complaint and are accepted as true for purposes of this Opinion.

## II.  ANALYSIS

"One or more members of a class may sue ... as representative parties on behalf of all only if ... (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  It is well established, however, that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates."  Alexander v. New Jersey State Parole Board, 160 Fed.Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I}t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")).  Accordingly, the Court will not permit this action to proceed as a class action.

Nor will the Court permit Plaintiffs' claims to be joined pursuant to Fed. R. Civ. P. 20.  Title 28, Section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis actions brought by prisoners.  Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule. Hubbard, 262 F.3d at 1197.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. Boriboune, 391 F.3d at 855-56.

Whether there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D.Ind. 2006);

Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, *4.

The Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult. In this regard, the Court notes that, although neither Plaintiff has submitted a notice of change of address, the New Jersey Department of Corrections Inmate Locator reflects that Plaintiff Raab is now confined at Bayside State Prison in Leesburg, New Jersey, and Plaintiff Sanchez is presently confined at the Central Reception and Assignment Facility in West Trenton, New Jersey.

Fed. R. Civ. P. Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would

5

not be just to dismiss this case merely because Plaintiffs' claims may not be joined or pursued as a class action.  Instead, the Court will deny the request to proceed as a class or as joint plaintiffs, will dismiss Plaintiff Hector Sanchez from this action, and will direct the Clerk to open a separate case for Plaintiff Hector Sanchez, docketing this Complaint therein as "received" and also docketing therein this Opinion and the accompanying Order.  Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.  No action will be taken on Plaintiffs' applications for leave to proceed in forma pauperis, including the assessment of the $350 filing fees, unless they indicate their desire to proceed, individually, by filing an amended complaint.

Nothing in this Opinion should be construed as precluding Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for any purposes if that becomes appropriate at a later date.

### III.  CONCLUSION

For the reasons set forth herein, the Court finds that certification of a class under Rule 23 or joinder of Plaintiffs' claims under Rule 20 are not suitable.  An appropriate Order follows.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: October 3, 2007